1  Kenneth J. Pinto, State Bar Number 221422
   **LAW OFFICE OF KENNETH J. PINTO**
2  12 South First Street, Suite 713
3  San Jose, CA 95113
   Telephone: (408) 289-1765
4  Fax: (408) 289-1754

5  Irene Karbelashvili, State Bar Number 232223
   **LAW OFFICE OF IRENE KARBELASHVILI**
6  12 South First Street, Suite 413
7  San Jose, CA 95113
   Telephone: (408) 295-0137
8  Fax: (408) 295-0142

9

10 Attorneys for RICHARD JOHNSON, Plaintiff

11

   **UNITED STATES DISTRICT COURT**

   **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD JOHNSON, | Case No. |
| Plaintiff, | *Civil Rights* |
| vs. | **FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |
| SANDOVAL FOOD CORPORATION, a California corporation d/b/a BROILER EXPRESS; MAN SUNG MOON, an individual; AH JU MOON, an individual; and DOES 1-20, | |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 11

Plaintiff RICHARD JOHNSON (hereafter "Plaintiff") complains of Defendants SANDOVAL FOOD CORPORATION, a California corporation d/b/a BROILER EXPRESS; MAN SUNG MOON, an individual; AH JU MOON, an individual; and DOES 1-20 (hereafter "Defendants") and alleges as follows:

## I.    INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was enacted over twenty-five years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. (42 U.S.C. § 12101(a)). Despite this long-standing mandate, Defendants, the owners, operators, lessors and lessees of a restaurant known as Broiler Express located at 895 Laurel Street, San Carlos, California ("Restaurant"), have failed to provide disabled persons with full and equal access to their goods and services in violation of the ADA by constructing and/or failing to remove architectural barriers that prevent persons who have mobility disabilities from using and enjoying their facilities in a full and equal manner as other persons in the general public. . In so doing, Defendants have also violated California civil rights laws including Health and Safety Code §§19955 *et seq.*, the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §.51 *et seq.* and the Disabled Persons Act, Cal. Civ. Code §54 *et seq.*

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be prevented and deterred from accessing and using Defendants' goods, services and facilities to the same extent as, and in a manner equal to  non-disabled guests. Through this lawsuit, Plaintiff seeks compensation for his injuries and an injunction requiring Defendants to provide "full and equal" access to their public facilities for disabled persons as required by law.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code §19955 *et seq.;* and the Unruh Act,

1  Cal. Civ. Code § 51.

2      4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

### IV. PARTIES

6. Plaintiff RICHARD JOHNSON ("Plaintiff") is and at all times relevant herein was, a qualified individual with a physical "disability" Plaintiff has been a physically disabled individual since a motorcycle accident in July of 2009, and is a "person with a disability" or a "physically handicapped person" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926, and requires the use of a wheelchair for mobility. Plaintiff was denied his rights to full and equal access at the Restaurant, and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled individuals, including those who are mobility impaired. Plaintiff possesses a disabled parking placard issued by the State of California. He is also a resident of Los Gatos, California which is located in Santa Clara County, California.

7. On information and belief, Defendant SANDOVAL FOOD CORPORATION, a California corporation d/b/a BROILER EXPRESS; MAN SUNG MOON, an individual; AH JU MOON, an individual; and DOES 1-20 are an owner, operator, lessor and/or lessee, or agent of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the business, property, buildings, parking lots, and/or portions thereof located at 895 Laurel Street, San Carlos, California, including but not limited to the Restaurant and the walkways and parking places serving the Restaurant.

8. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 20 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 3 of 11

the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

## V. FACTS UPON WHICH ALL CLAIMS ARE BASED

9. Restaurant is a "place of public accommodation" as defined under Title III of the ADA, 42 U.S.C. § 12181 (7) (B), and California civil rights laws. Cal. Civ. Code §§ 51 *et seq.;* and Health & Saf. Code § 19955 *et seq.*

10. On information and belief, Restaurant was constructed and/or altered after January 26, 1993.

11. Plaintiff and other similarly situated physically disabled patrons who use a wheelchair for mobility are unable to access and use the goods, services and facilities offered at the Restaurant on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § § 12181 *et seq.;* Health & Safety Code § 19955 *et seq.;* and California Code of Regulations, Title 24-2 ("Title 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

12. Plaintiff visited the Restaurant on February 14, 2015 and on June 04, 2015. Plaintiff is very independent, considering his condition, and under normal circumstances he attempts to conduct himself, just as a person without mobility limitations would conduct himself or herself at all possible times. However, in this instance, the Restaurant's failure to provide Plaintiff with reasonable accommodations made Plaintiff feel like a second class citizen and also placed his person at risk of physical injury. There are a number of barriers which Plaintiff was confronted with during his visit to this establishment.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 4 of 11

13. At the cashier area, for example, the payment counter was located too high for Plaintiff to use. As a result, Plaintiff was not able to sign his credit card slip on the counter and instead had to use his cellular phone as a flat surface for signing.

14. Plaintiff also attempted to use the restroom but could not do so with ease due to the various architectural barriers in and around the restroom facility. For instance, the door knob to open the restroom is such that it was difficult for Plaintiff to operate. Moreover, the return spring on the restroom door made the door close before Plaintiff could get through the doorway.

15. Once inside the restroom, Plaintiff had difficulty in flushing the toilet because of the location of the handle near the wall. Additionally, Plaintiff had difficulty reaching items attached to the wall due to location and height of the items. Lastly, the waste basket placement was in Plaintiff's way when exiting the restroom.

16. Plaintiff also had various difficulties around the dining area. First, reaching the table to sit and enjoy his meal was an arduous task. This was mostly due to the fact that the chairs are packed so closely together. Second, once finally reaching the table, Plaintiff could not sit with ease due to the configuration of the table legs. Consequently, Plaintiff's wheelchair kept hitting the table leg.

17. Plaintiff would like to eat at the Restaurant sometime in the near future especially since he finds the price to be reasonable and within his budget. However, until the Restaurant complies with state and federal accessibility laws, Plaintiff will continue to experience difficulty and discomfort when dining at the Restaurant.

18. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Restaurant. While he could not make detailed measurements, he determined that the Restaurant was also inaccessible in multiple other ways, including, but not limited to, the following:

- Heavy front door
- Fast closing main door
- Slope on front door landing
- No clear space next to front door
- No ADA tables
- No railing on interior ramp to upper seating area

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 5 of 11

- Bathroom door had no ADA sign
- Door handle not lever type in bathroom
- Urinal is very high
- Toilet paper wrong location
- WC flush on short side
- Urinal flush is high
- Candy machine requires twisting
- Serving utensils are high

19. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be, denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant, and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

20. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

## VI. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - TITLE III USC §12101 *et seq.*

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 20 of this Complaint, and incorporates them herein as if separately repled.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 6 of 11

22. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities", and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101.

23. Congress stated as its purpose in passing the Americans with Disabilities Act, 42 U.S.C. §12101(b):

It is the purpose of this act:

> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

24. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. §12181 et seq. For purpose of this title restaurants are considered "public accommodations" (42 U.S.C. §12181(7)(A)).

25. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

26. Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA and its implementing regulations. Defendants'

discriminatory conduct includes, but is not limited to:

    A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded to non-disabled individuals;

    C. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. A. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a);

    D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

    E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

27. On information and belief, the Restaurant underwent construction and/or alterations after January 26, 1992 that triggered access requirements under the ADA - Title III.

28. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## Cal. Health & Safety Code §§ 19955 *et seq.*

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint, and incorporates them herein as if separately repled.

30. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 8 of 11

restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. California Health & Safety Code § 19955.

31. On information and belief, the Restaurant and its related facilities underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as Restaurant and its related facilities, undergo an "alteration, structural repair or addition."

32. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT
### Cal. Civ. Code §51 *et seq.*

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 32 of this Complaint, and incorporates them herein as if separately repled.

34. The Restaurant is a business establishments and, as such, must comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

35. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

36. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51 (f).

37. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiffs rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Restaurant.

38. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

39. Pursuant to the remedies, procedures, and rights set forth in

Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
## DISABLED PERSONS ACT
### Cal. Civ. Code § 54 *et seq.*

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 39 of this Complaint, and incorporates them herein as if separately repled.

41. The Restaurant and its facilities are places of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.*

42. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

43. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

44. The CDPA also provides that a violation of the ADA is *aper se* violation of CDPA, Cal. Civ. Code § 54.1(d).

45. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiffs right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of the Restaurant and its related facilities due to his disability.

Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3, Plaintiff prays for judgment as set forth below.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 10 of 11

1. That this Court issue an injunction[1] pursuant to Title III of the ADA and Plaintiff's related state law claims:

a) Ordering Defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities; and

b) Prohibiting operation of Defendants' public accommodations and facilities until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided.

c) That this Court award general, compensatory, and statutory damages pursuant to the Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

d) That this Court award special and consequential damages according to proof;

e) That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA, 42 U.S.C. § 12205; Cal. Civ. Code §§ 52, and 55; Cal. Health & Saf. Code § 19953; and Cal. Code of Civil Procedure § 1021.5;

f) Such other and further relief as the Court may deem just and proper.

Dated: October 20, 2015            ___/s/ *Kenneth J. Pinto*_____
                                   Kenneth J. Pinto, Attorney for Plaintiff
                                   RICHARD JOHNSON

### *DEMAND FOR JURY*

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: October 20, 2015            ___/s/ *Kenneth J. Pinto*_____
                                   Kenneth J. Pinto, Attorney for Plaintiff
                                   RICHARD JOHNSON

---

[1] Plaintiff does not seek an injunction under Civ. Code Section 55

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990